**UNITED STATES of America,
Appellee,**

v.

**Timothy BARKER, Defendant–
Appellant.**

No. 02–1340.

United States Court of Appeals,
Second Circuit.

July 7, 2003.

Alexei Schacht, Nalven & Schacht, Astoria, NY, for Appellant.

Marc Olitt, Assistant United States Attorney (Meir Feder, Assistant United

States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: MCLAUGHLIN, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Timothy Barker appeals from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, Judge) convicting him, after a jury trial, of one count of conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base and 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A); one count of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and one count of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Barker principally to 360 months' imprisonment.

Barker raises only one contention on appeal: that the Government violated the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose, in advance of a pre-trial suppression hearing, evidence that might have impeached the credibility of a confidential government informant (the "CI"). Although the CI did not testify at the suppression hearing, Barker argues that the DEA agents who arrested him did so largely on the basis of the CI's information. Barker argues that impeaching the CI's credibility would have led the District Court to conclude that the Government lacked probable cause to arrest Barker, requiring the suppression of the cocaine and cocaine base that the DEA agents seized from Barker when they arrested him.

Barker alleges that the Government failed to disclose that during the course of the CI's cooperation with the Government, he was arrested and charged with assault with intent to cause physical injury after throwing a pen at his common-law wife, which charge was later dismissed when the victim withdrew her complaint. Additionally, Barker claims that the CI's disclosures to the Government were originally incomplete, as he had informed the Government that he owned two cars when he actually owned three (though he later voluntarily disclosed his ownership of the third car). Lastly, Barker contends that the CI had not always complied with the DEA's instructions during his cooperation when it was necessary to protect his physical safety. The Government disclosed all of the above information to Barker before the trial began, and the Government elicited testimony from the CI regarding this information in its case in chief.

We have never held that *Brady* applies to pre-trial suppression hearings, and we do not reach the issue now because, even if *Brady* applies, it is clear that the Government did not violate it. In order to succeed on a *Brady* claim, Barker would have to show that "there is a reasonable probability that, had the evidence [regarding the CI's behavior] been disclosed to the defense [before the suppression hearing], the result of the [suppression hearing] would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (internal quotation marks omitted). Barker cannot make this showing.

It is far from clear that the suppressed evidence could have been used to impeach the CI's credibility. Regardless, even assuming that the suppressed evidence could have been used for that purpose, it would not have deprived the Government of probable cause to arrest Barker. First, much of the evidence upon which Barker relies either did not exist or was not known to the DEA until after Barker was arrested, so this information could not have affected the determination of probable cause. *See Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir.2002) ("When determining whether probable cause exists courts 'must consider those facts available to the officer at the time of the arrest and immediately before it.'" (citations omitted)). Second, the CI was a known informant who had previously provided the DEA with reliable information that led to several arrests and the seizure of narcotics and other contraband, and the DEA agents corroborated some of the CI's information about Barker before they arrested him. *See, e.g., United States v. Wagner*, 989 F.2d 69, 72–73 (2d Cir.1993) ("Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence."). Thus, Barker cannot show that the Government's failure to disclose the evidence before the suppression hearing resulted in prejudice. *See, e.g., United States v. Coppa*, 267 F.3d 132, 140 (2d Cir.2001).

Accordingly, the judgment of the District Court is hereby affirmed.